■ In the Matter of the Claim of KARL J. PFEIFFER, Respondent, v. GLENS FALLS INSURANCE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and carrier appeal from a decision of the Workmen's Compensation Board which authorized surgery for a left inguinal hernia. Claimant testified that on September 22, 1960, while standing on a ladder and stretching and reaching to clean an overhead lighting fixture, he felt a sharp pain in his groin like "a bundle coming out" and, "something snapped, come out". The board has found that this incident was an accidental injury incurred on that date. Claimant had a previous left inguinal hernia which had been surgically repaired in 1950, and appellants seem to contend that for that reason they cannot be charged with a left inguinal hernia in 1960. However, claimant testified that he experienced no trouble at the site of the hernia since the repair in 1950, and he is corroborated by his attending physician who says that he found no hernia in 1959. Because claimant had several other physical difficulties in the interval and because appellants assert that he complained of the hernia region after 1950, it is contended that claimant merely suffered a recurrence without an accident. In effect this is simply an attack upon claimant's credibility. At most a question of fact was involved with adequate evidence to support the board's determination. Appellants also raise the question of failure to give the statutory notice under section 18 of the Workmen's Compensation Law. The board excused this with a finding that actual notice to the employer was given within 30 days, which is obviously true because the employer filed a report of injury within 30 days. Decision affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of JOHN R. KING, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, et al., Respondents.— Upon the prior appeal (16 A D 2d 1007) we found that there was "proof of several transactions of Espinosa and Benitez with petitioner which, if credited, would warrant findings of misconduct" but we were compelled to remit, holding that since the Commissioner made no factual findings it was "impossible to determine which of the acts testified to were considered to have been established". The record developed upon remittal and now before us contains adequate findings of repeated acts of misconduct, amply supported by proof which the Commissioner was entitled to, and specifically did find credible and which he was also justified in finding so serious as to warrant petitioner's dismissal. Determination confirmed, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.